1

2                          UNITED STATES DISTRICT COURT

3                        NORTHERN DISTRICT OF CALIFORNIA

4

5    EAST BAY LAW,

6                   Plaintiff,                    Case No. 15-cv-04257-TEH

7           v.
                                                  **ORDER DENYING PLAINTIFF'S**
8    FORD MOTOR COMPANY,                          **MOTION TO REMAND**

9                   Defendant.

10

11          This matter is before the Court on Plaintiff's motion to remand to state court, filed

12   on October 5, 2015.  After careful consideration of the parties' briefing, the Court found

13   this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-

14   1(b).  Plaintiff's motion to remand is hereby DENIED, for the reasons set forth below.

15          Also pending before this Court is Defendant's motion to dismiss, or in the

16   alternative, for summary judgment, which, upon the parties' stipulation, the Court

17   continued until after disposition of the motion to remand.  Having DENIED Plaintiff's

18   motion, the Court sets the briefing and hearing schedule for Defendant's motion at the end

19   of this order.

20

21   **BACKGROUND**

22          Plaintiff East Bay Law ("Plaintiff") and Defendant Ford Motor Company

23   ("Defendant") previously appeared before this Court on a substantially similar matter,

24   Case No. 13-CV-2822-TEH ("Prior Action"), filed in federal court on June 19, 2013.  Exs.

25   F & G to Chun Decl. (Docket No. 2).  In the Prior Action, Plaintiff alleged that Defendant

26   represented in its marketing brochures that the 2013 Ford Taurus contained an upgrade

27   option for a navigation system, but that the car he purchased did not contain the upgrade.

28

United States District Court
Northern District of California

1    This Court dismissed the Prior Action on November 6, 2013.  Ex. B to Davidson

2    Decl. (Docket No. 24).  The Court found that while Plaintiff purchased the equipment that

3    was *compatible* with the navigation upgrade, Plaintiff failed to purchase the upgrade itself,

4    and therefore failed to state a claim for relief.  *Id.* at 5.  The dismissal was with prejudice

5    because the Court found that "the invoice shows that Plaintiff did not purchase the

6    upgrade, therefore Plaintiff cannot amend the complaint to cure the deficiency."  *Id.*

7    Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals.  Ex. C to

8    Davidson Decl.  The Ninth Circuit ordered Plaintiff to file an amended complaint by May

9    1, 2015 for the sole purpose of alleging diversity of citizenship for federal subject matter

10   jurisdiction.  Ex. C to Plf's Req. for Judicial Notice (Docket No. 8).  On May 15, 2015,

11   due to Plaintiff's failure to correct the subject matter jurisdiction defect, the Ninth Circuit

12   vacated this Court's November 6, 2013 order and remanded the case with instructions to

13   dismiss with prejudice for lack of jurisdiction.  Ex. A to Chun Decl.[1]  The Court entered an

14   order accordingly on July 9, 2015.  Ex. F to Davidson Decl.

15   Plaintiff filed the complaint in the instant case in Contra Costa County Superior

16   Court on July 23, 2015, alleging, again, a defective navigation system in his 2013 Ford

17   Taurus.  Ex. B to Chun Decl.  Defendant was served on August 19, 2015, and timely

18   removed the case to federal court on September 18, 2015, alleging diversity jurisdiction.

19   Removal Notice (Docket No. 1).  The Court related the instant case to the Prior Action on

20   October 16, 2015.  Related Case Order (Docket No. 22).

21   Plaintiff moves to remand the case to state court, arguing that Defendant's removal

22   was barred by the law of the case doctrine, res judicata, and "probably" collateral estoppel.

23   Remand Mot. at 2 (Docket No. 16).  Defendant timely opposed the motion, and Plaintiff

24   did not reply.

25

26   [1] Plaintiff requests that the Court take judicial notice of the Ninth Circuit's order, as well
     as Defendant's subsequent petition for rehearing and the Ninth Circuit's denial of the
27   petition.  The Court GRANTS Plaintiff's request for judicial notice as unopposed, pursuant
     to Federal Rule of Evidence 201.  Fed. R. Evid. 201(b)(2) ("The court may judicially
28   notice a fact that is not subject to reasonable dispute because it … can be accurately and
     readily determined from sources whose accuracy cannot reasonably be questioned.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**LEGAL STANDARD**

**I.      Law of the Case Doctrine**

The law of the case doctrine is a discretionary principle employed by courts to maintain consistency and efficiency in resolving litigation. *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005). "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).

**II.     Preclusion Doctrines (Res Judicata and Collateral Estoppel)**

The principle of preclusion, which is embodied in the related doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion), is "that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." *Waltz v. U.S. Dept. of Agric.*, 251 F.R.D. 491, 497 (E.D. Cal. 2008) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979).

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal citations and quotations omitted). Thus, res judicata requires: (1) an identity of claims; (2) a final judgment on the merits; and (3) privity between parties. *Stratosphere Litig. LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002).

"The doctrine of collateral estoppel prevents parties from relitigating issues that have been resolved in an earlier action between the same parties or their privies." *Peterson v. Clark Leasing Corp.*, 451 F.2d 1291, 1292 (9th Cir. 1971). Collateral estoppel applies if: (1) the issue sought to be relitigated is identical to one necessarily decided in a previous proceeding; (2) the previous proceeding resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party (or was in privity with a party) in the prior proceeding. *People v. Taylor*, 12 Cal. 3d 686, 692 (1974).

3

United States District Court
Northern District of California

**DISCUSSION**

**I.      Defendant Properly Removed the Case to Federal Court**

Plaintiff is an unincorporated entity.  Ex. G to Davidson Decl.  To determine citizenship of an unincorporated entity for diversity jurisdiction, courts consider the citizenship of each member of the entity.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  At the time of removal, Defendant produced evidence that "East Bay Law" is a fictitious business name used by Plaintiff's counsel, Andrew Shalaby.  Ex. C to Chun Decl.  Furthermore, Defendant produced evidence that Mr. Shalaby is an attorney licensed to practice in California and owns property in California in joint tenancy with his wife.  Exs. D & E to Chun Decl.

Defendant, on the other hand, is not a citizen of California.  For purposes of diversity jurisdiction, a corporation is a citizen of both the state in which it is incorporated and the state where it has its "principle place of business," which is the corporation's "nerve center" – where officers "direct, control, and coordinate the corporation's activities."  28 U.S.C. §1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 79 (2010).  Defendant is a corporation that is incorporated in Delaware and has its principal place of business in Michigan.  Ex. H to Chun Decl.

Finally, the amount in controversy for complete diversity must exceed $75,000.  28 U.S.C. §2332(a).  Plaintiff alleged in the state court complaint $30,000 in general damages, $30,000 in special damages, and $50,000 in fees incurred, and also listed "TBD" for the amount sought for the remedy of product recall.  Ex. B to Chun Decl.; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (amount in controversy excludes only interest and costs; therefore includes attorneys' fees).

Plaintiff did not refute these jurisdictional facts in its motion, nor filed a reply brief.  Therefore, at the time of removal, Defendant sufficiently alleged that Plaintiff was a citizen of California, Defendant was a citizen of both Delaware and Michigan, and the amount in controversy exceeded $75,000.  Thus, complete diversity existed, and it was proper for Defendant to remove the action to federal court.

## II.     The Prior Action Does Not Preclude the Case at Bar

In Plaintiff's barely two-page motion, Plaintiff recites doctrines of law of the case, res judicata, and collateral estoppel, but offers no argument as to why any of the doctrines apply – leaving Defendant and the Court to speculate as to its reasoning.  Nonetheless, the Court finds that none of the doctrines apply, for two main reasons: (1) the Prior Action's dismissal was not a final judgment on the merits; and (2) subject matter jurisdiction is based on facts pleaded at the time of filing the complaint or removing the case, and jurisdictional facts may be supplied at either of those moments.

Federal Rule of Civil Procedure 41 provides that a dismissal for lack of jurisdiction is not a final judgment on the merits.  Fed. R. Civ. P. 41(b).  Thus, neither res judicata nor collateral estoppel applies.  *Italia Marittima, S.P.A. v. Seaside Transp. Svcs., LLC*, No. C10-0803-PJH, 2010 WL 3504834, at *7 (N.D. Cal. Sept. 7, 2010).  The dismissal of a prior federal case for failure to plead jurisdiction does not bar removal of a subsequent state case, so long as the jurisdictional defects are cured in the second suit.  *E.g. Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842, 844 (9th Cir. 1979); *GAF Corp. v. United States*, 818 F.2d 901, 912-13 (DC Cir. 1987).

The law of the case doctrine similarly does not apply such that it would bar the instant case, because the only issue decided by the Ninth Circuit was that Plaintiff's complaint in the Prior Action failed to sufficiently plead jurisdiction.  The jurisdictional deficiency only pertained to the point in time when the Ninth Circuit considered the case.  *Righthaven LLC v. Hoen*, 716 F.3d 1166, 1171 (9th Cir. 2013) (subject matter jurisdiction based on facts present at time complaint filed).  As explained above, Defendant sufficiently pleaded the missing jurisdictional facts in its notice of removal.

///

///

///

///

United States District Court
Northern District of California

5

**CONCLUSION**

For the reasons set forth above, the Court concludes that this case was properly removed to federal court and the previous dismissal on the basis of lack of subject matter jurisdiction does not preclude the suit at bar; therefore, Plaintiff's motion to remand to state court is DENIED.

The briefing and hearing schedule for Defendant's motion to dismiss, or in the alternative, for summary judgment (Docket No. 15) is as follows:

1.      Plaintiff's opposition shall be filed no later than **December 9, 2015**.

2.      Defendant's reply shall be filed no later than **December 16, 2015**.

3.      The parties shall appear for a hearing on the motion on **January 11, 2016, at 10:00 AM** in Courtroom 2, on the 17th floor of the Phillip Burton Federal Building.

**IT IS SO ORDERED.**

Dated:   11/25/15

_____
THELTON E. HENDERSON
United States District Judge