UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY LAW,<br><br>      Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY,<br><br>      Defendant. | Case No. 15-cv-04257-TEH<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

This matter came before the Court on February 22, 2016, on Defendant's motion to dismiss. Having carefully considered the parties' written and oral arguments, the Court now GRANTS Defendant's motion. Plaintiff's First Amended Complaint is hereby DISMISSED WITH PREJUDICE for the reasons set forth below.

**BACKGROUND**

On March 13, 2013, Plaintiff East Bay Law ("Plaintiff") purchased a 2013 Ford Taurus SEL vehicle, which came equipped with "Equipment Group 201A." Vehicle Brochure, Ex. A to First Amended Complaint ("FAC") (Docket No. 39-1). The window sticker delineating the vehicle's equipment did not reflect inclusion of a voice activated navigation system, but did reflect that Plaintiff purchased optional leather seating. Window Sticker, Ex. B to FAC (Docket No. 39-2).

The Vehicle Brochure described Equipment Group 201A as follows:

> Equipment Group 201A – SYNC® with MyFord Touch® voice-activated, in-vehicle connectivity system, which includes SYNC Services; 2 configurable 4.2" color LCD displays in instrument cluster; 8" LCD touch screen in center stack; media hub with 2 USB ports; SD card reader and audio/video input jacks + additional center channel speaker + Reverse Sensing System

Vehicle Brochure, Ex. A to FAC. The voice-activated navigation system was not included in the description of Equipment Group 201A; instead, the navigation system was listed in a

1  separate section of the brochure, as one of nine "available options." *Id.* In the "available
2  options" section of the Vehicle Brochure, the voice-activated navigation system at issue in
3  this case is described as follows:

> Voice-activated Navigation System with SD card for map and
> POI storage, and integrated SiriusXM Traffic and Travel Link
> with 6-month trial subscription (requires 201A or 202A)

*Id.*

Plaintiff alleges that the voice-activated navigation system in its vehicle did not operate properly despite the fact that Plaintiff purchased an "SD card" which, according to Plaintiff, would enable the voice-activated navigation system to operate. FAC ¶ 6. Plaintiff alleges five causes of action: (1) products liability; (2) breach of contract; (3) fraud; (4) violation of the Consumer Legal Remedies Act; and (5) unfair business practices under California's Unfair Competition Law. Plaintiff seeks "an injunction mandating that [Defendant] recall the affected vehicles and repair them at [Defendant's] cost," as well as statutory fees, costs, and "such other and further relief as the Court deems proper." FAC at 12. Defendant Ford Motor Company ("Defendant") moves to dismiss the FAC. Defendant's Motion to Dismiss ("Mot.") (Docket No. 43).

**LEGAL STANDARD**

Rule 12(b)(6) requires dismissal when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In ruling on a motion to dismiss, a court may consider the

pleadings, along with any exhibits properly attached thereto. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

For purposes of a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Furthermore, a court need not accept as true allegations which are contradicted by facts that may be considered by the court. *See Mullis v. U.S. Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

"[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied . . . if amendment of the complaint would be futile." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988). Dismissal should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

## DISCUSSION

### I. Plaintiff's Request for Judicial Notice Is Improper

Plaintiff requests that the Court take judicial notice of two different class actions against Defendant, as well as Defendant's response brief in a prior appeal of a related case, filed in the Ninth Circuit. Request for Judicial Notice, Ex. 1 to Plaintiff's Opposition ("Opp'n") (Docket No. 47). "Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003); Fed. R. Evid. 201(b). Pleadings and briefing are the epitome of disputed facts; thus the two class action complaints and the contents of Defendant's brief to the Ninth Circuit are not proper subjects of judicial notice. Furthermore, such purported "facts" are not relevant to this motion. *Pac. Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1025 (N.D. Cal. 2002) (judicially noticed fact must be relevant). For these reasons, the Court hereby DENIES Plaintiff's request for judicial notice.

**II.     Plaintiff Did Not Purchase the Voice-Activated Navigation Upgrade; Therefore, Plaintiff Failed to State a Claim for Relief in any Cause of Action**

In the instant motion, Defendant outlines various reasons why Plaintiff's FAC fails to state a claim on each cause of action asserted. However, the Court need not even reach the sufficiency of the pleadings, because one fact is clear that is fatal to all of Plaintiff's claims: Plaintiff never purchased the voice-activated navigation system upgrade. Therefore, Plaintiff did not suffer a cognizable injury.

The Court need not look further than the four corners of FAC and its attached exhibits to come to this conclusion. The Vehicle Brochure (Ex. A), the Window Sticker (Ex. B), and the receipt for the SD card (Ex. C) unmistakably demonstrate two things: first, the voice-activated navigation system was a vehicle upgrade to be purchased separately; second, Plaintiff did not purchase the upgrade.

Plaintiff argues that because it purchased the requisite equipment packet which includes an SD card reader, and it purchased a separate SD card, it therefore purchased the voice-activated navigation system. Opp'n at 2-3. This argument is groundless. The plain language of the Vehicle Brochure states that the voice-activated navigation system is an available option, and that the voice-activated navigation system would come equipped with an SD card; thus it is not plausible that Plaintiff would need to purchase an additional SD card, had it already purchased the option. Furthermore, it is clear that Plaintiff knew how to purchase such additional options – it purchased the leather seating option listed in the same section of the brochure as the voice-activated navigation system. *See* Window Sticker, Ex. B to FAC.

The Vehicle Brochure states that the voice-activated navigation system requires either Equipment Group 201A or 202A; it does not state that one of the named equipment groups is all that is necessary for the upgrade. Plaintiff has not alleged any new facts since filing its complaint based on the same allegations over two and a half years ago, and the Court sees no reason to depart from its previous reasoning in dismissing the prior action. *See* Related Case, Case No. 13-CV-2822-TEH.

4

1      Because Plaintiff has failed to allege that it actually purchased the navigation
2 upgrade which it claims it did not receive, Plaintiff has failed to state a claim for relief and
3 Plaintiff's FAC is therefore DISMISSED.  Defendant has shown that there are no facts
4 alleged that would entitle Plaintiff to relief.  *Conley v. Gibson*, 255 U.S. 41, 45-46 (1957).
5 Moreover, the Window Sticker clearly shows that the upgrade was not purchased, and the
6 plain language of the Vehicle Brochure demonstrates that no reasonable consumer would
7 have interpreted the Vehicle Brochure as Plaintiff did; therefore, the fatal deficiency of the
8 FAC could not possibly be cured by amendment.  *Steckman*, 143 F.3d at 1296.  Between
9 the prior action and the instant case, Plaintiff has had three chances to cure this deficiency
10 in its pleadings, but has failed to do so.  For these reasons, the dismissal is WITH
11 PREJUDICE.

**CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss is GRANTED, and Plaintiffs complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated:  02/29/16                                 _____
                                                               THELTON E. HENDERSON
                                                               United States District Judge